**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA FLEENOR, | No. 17-35418 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00595-CWD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted October 9, 2018
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL,** District Judge.

Donna Fleenor appeals the district court's judgment affirming the Social

Security Commissioner's denial of Fleenor's application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable C. Ashley Royal, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of benefits de novo. Reversal is warranted only if the ALJ's decision was not supported by substantial evidence or "if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citation omitted). We hold that the ALJ erred in rejecting the opinions of treating physicians Drs. Prier and Atteberry, and in discrediting Fleenor's symptom testimony. Because additional explanation and analysis is needed, we reverse and remand for further proceedings.

"Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks and citation omitted).

In a four-sentence paragraph, the ALJ gave "little weight" to Dr. Prier's opinion because he gave it on a check-box form with no explanation, and his treatment records showed little objective findings. In an even shorter three-sentence paragraph, the ALJ assigned "little weight" to Dr. Atteberry's opinion because he

2

"merely" checked a box on the form and gave no further explanation.

An ALJ may properly reject a treating physician's opinion if it is not well-supported. However, the ALJ must evaluate the opinion according to factors such as the length, nature, and extent of the treatment relationship; frequency of examination; supportability; and consistency with the overall record. *See* 20 C.F.R. § 404.1527(c)(2)-(6); *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017); *Garrison*, 759 F.3d at 1013. Here, although Dr. Prier and Dr. Atteberry's opinions were supported by the medical records, and Fleenor had a significant treatment relationship with both, the ALJ failed to evaluate their opinions in accordance with those factors. Thus, we find error. *See Trevizo*, 871 F.3d at 676 (ALJ's failure to consider above-identified factors "alone constitutes reversible legal error"); *Garrison*, 759 F.3d at 1013 (opinions expressed in check-box forms based on "significant experience" with the patient and "supported by numerous records" are "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

The ALJ also erred in rejecting Fleenor's symptom testimony. The ALJ found that a medically determinable impairment could reasonably be expected to cause Fleenor's symptoms, and the ALJ did not identify any evidence of malingering. Therefore, the ALJ could reject Fleenor's testimony regarding the severity of her symptoms only for "'specific, clear and convincing reasons.'" *Burrell v. Colvin*, 775

17-35418

F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112).

The ALJ found Fleenor's testimony inconsistent with her daily activities and the objective medical evidence. In reaching her conclusion, however, the ALJ focused only on portions of the record that supported her position instead of addressing Fleenor's testimony and the diagnostic evidence as a whole. The ALJ failed to evaluate testimony indicating Fleenor's limited ability to engage in daily activities, such as walking her dog, sweeping, working in her yard, or watching her grandchild without an another adult present. Thus, the ALJ's finding that Fleenor was able to perform *some* daily activities was not a specific, clear and convincing reason for discrediting Fleenor's testimony regarding her overall limitations. *See Diedrich v. Berryhill*, 874 F.3d 634, 642-43 (9th Cir. 2017).

The ALJ's finding that Fleenor's testimony did not comport with the objective medical evidence is also not a sufficiently specific, clear and convincing reason to reject her testimony. Fleenor's "treatment records must be viewed in light of the overall diagnostic record." *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). An ALJ may not cherry-pick a doctor's characterization of claimant's issues; she must consider "these factors in the context of [the doctor's] diagnoses and observations of impairment." *Id.*

These errors are not harmless. Rejecting the opinions of Drs. Prier and Atteberry and Fleenor's testimony affected the ALJ's determination of Fleenor's

17-35418

residual functional capacity.

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). Because additional explanation is needed, we remand to the ALJ, so she can reevaluate Dr. Prier and Dr. Atteberry's medical opinions in accordance with the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6), *see Trevizo*, 871 F.3d at 676, and reassess Fleenor's credibility in light of her overall testimony and the longitudinal medical record.

REVERSED AND REMANDED.

17-35418